UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICTOR HECHAVARRIA, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 1:18-cv-00012 |
| | § | |
| HOMER D. SALINAS,[1] | § | |
| Respondent. | § | |

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

Before the Court is Petitioner Victor Hechavarria's pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Hechavarria's "Petition" or "§ 2241 Petition"). Dkt. No. 1. The Court has also received Respondent's "Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus as Moot" (Respondent's "Motion"). Dkt. No. 16. It is recommended that (1) Respondent's Motion be **GRANTED**, (2) Hechavarria's Petition be **DISMISSED** as moot, and (3) the Clerk of the Court be **ORDERED** to close this case.

## I.    Background

Hechavarria filed the instant Petition on January 15, 2018, asking the Court to grant a "writ of habeas corpus directing the Respondents to immediately release

---

[1] Respondent has apprised the Court that the new "Officer in Charge" of the Port Isabel Detention Center is Homer D. Salinas. Dkt. No. 16 at 1 n.1; Dkt. No. 5 at 1; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (holding the proper named respondent in § 2241 cases is the "immediate custodian of the petitioner who has the ability to produce the petitioner before the Court").

Petitioner from custody," and to "enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner." Dkt. No. 1 at 9, 10. He asserted that his continued detention by U.S. Immigration Customs & Enforcement ("ICE") was unconstitutional under the Supreme Court's holding in *Zadvydas v. Davis*. *Id*. at 7-8. Specifically, Hechavarria stated that he had been detained at the Port Isabel Detention Center awaiting removal since June 19, 2017, in excess of six months, the "presumptively reasonable removal period," and that removal to his original country of Cuba was "not significantly likely to occur in the reasonable future." *Id*. He also contended that Respondent had "failed to acknowledge or act upon [his] administrative request for release in a timely manner." *Id*. The Court ordered Respondent to respond on January 26, 2018. Dkt. No. 5. On February 9, 2018, a copy of the Court's order sent to Hechavarria at his address of record, the Port Isabel Detention Center, was returned as undeliverable. Dkt. No. 12. Respondent filed a Motion to Dismiss on February 26, 2018, asserting the Petition should be dismissed as moot because Hechavarria has already been released from detention. Dkt. No. 16. Hechavarria was served with a copy of Respondent's Motion at his new address, but has not filed a response. *Id*. at 7.

## II.    Legal Standard

**FED. R. CIV. P. 12(b)(1)**. A party may move for a court to dismiss a plaintiff's cause of action on the basis that the court lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Unlike motions to dismiss under Rule 12(b)(6), where the plaintiff's

allegations are taken as true and viewed under the most favorable light, the plaintiff bears the burden of proof that jurisdiction exists under Rule 12(b)(1). *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."); *Ambraco Inc. v. Bossclip B V*, 570 F.3d 233, 238 (5th Cir. 2009). Further, courts must consider a jurisdictional attack under Rule 12(b)(1) prior to considering other grounds for dismissal. *Ramming*, 281 F.3d at 161 (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (Where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.")). In considering whether it has subject matter jurisdiction, a court may consider matters of fact that are either in dispute or outside the pleadings. *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).

### III. Discussion

"If the claims in a petition are moot, the absence of an Article III case or controversy will deprive the Court of jurisdiction to consider the petition on the merits." *Ramos v. Olivarez*, No. B–14–266, 2015 WL 12840469, at *2 (S.D. Tex. Jul.

31, 2015). A claim is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980). "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence[.]" *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999).

Hechavarria's § 2241 Petition asserts that his post-removal-period detention by ICE violated his rights under the due process clause of the Fifth Amendment to the United States Constitution. Dkt. No. 1 at 7. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Thus, "federal courts have jurisdiction to hear constitutional challenges to post-removal-period detention under . . . 28 U.S.C. § 2241." *Nwawueze v. Napolitano*, No. H–13–890, 2013 WL 2417913, at *7 (S.D. Tex. June 4, 2013). But courts may only exercise jurisdiction under § 2241 if the petitioner seeking a writ of habeas corpus is "in custody." 28 U.S.C. § 2241. Once a petitioner is released from physical custody, his petition may become moot, "but not necessarily." *Ramos*, 2015 WL 12840469, at *2. The petitioner may still satisfy the custody requirement and seek habeas relief "if the alleged violation originally contested in his petition has 'collateral consequences' that continue to restrict his liberty in a way that is not shared by the general public." *Id.* (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 437 (2004)). "For example, a habeas petition challenging the grounds for removal is not moot once the petitioner is deported if there is some persisting harm, such as a ban

on reentry." *Nieto-Ramirez v. Holder*, 583 Fed. Appx. 330, 332 (5th Cir. 2014).

Here, Hechavarria was released from ICE custody pursuant to an order of supervision on January 16, 2018. *See* Dkt. No. 17-1 at 1 ("Upon review of your case, U.S. Immigration and Customs Enforcement (ICE) has concluded that you may be released from ICE custody pending your removal from the United States."). Hechavarria does not identify any "collateral consequences" stemming from his detention which could satisfy the custody requirement of § 2241 and preserve his Petition for review. Hechavarria is not attacking the underlying grounds for his removal or challenging his future inadmissibility to the United States. *Nieto-Ramirez*, 583 Fed. Appx. at 332; *Max-George v. Reno*, 205 F.3d 194, 196 (5th Cir. 2000), *vacated on other grounds*, *Max-George v. Ashcroft*, 533 U.S. 945 (2001). Instead, the Petition contests only Hechavarria's continued detention at the Port Isabel Detention Center. Dkt. No. 1 at 8. Because Hechavarria has now been released from that custody, and has not identified any adverse collateral consequences which continue to restrict his liberty, his Petition is moot and should be dismissed. *Dao Van Vy v. Warden*, No. 1:17-CV-1181-P, 2018 WL 1058520, at *1 (W.D. La. Jan. 10, 2018); *Avulov v. Bureau of Immigration and Customs Enf't*, No. B–07–227, 2008 WL 11388551, at *2 (S.D. Tex. Apr. 21, 2008) ("[Petitioner] has been released on order of supervision. Any claim he may have had under *Zadvydas* is no longer legally cognizable. Further, because Petitioner is not detained by the Department of Homeland Security, he also no longer meets the custody requirement for a Habeas Corpus petition.").

The Court also declines to recommend injunctive relief enjoining the Government from "any further unlawful detention." Dkt. No. 1 at 9. Addressing injunctive relief, Respondent states that the Government is in the process of obtaining travel documents for Hechavarria, but that Hechavarria is also required by the order of supervision to "continue to make good faith efforts" to obtain a travel document on his own. Dkt. No. 16 at 5. Respondent contends that "the Court should not entertain Petitioner's request for permanent injunctive relief unless and until Petitioner is prepared to provide proof of his good faith efforts to obtain travel documents to his home country." *Id.* Hechavarria has not responded to this argument. Regardless, as the Petition itself is moot, and further detention has not yet occurred, the Court need not weigh in on the merits of Hechavarria's detention, whether past or hypothetical future. *See Lin v. Lynch*, No. CV 15-6520-DSF (JPR), 2016 WL 1253265, at *3 (C.D. Cal. Mar. 7, 2016), *adopted by*, 2016 WL 1257773 (C.D. Cal. Mar. 30, 2016) ("Because Petitioner's request for release on an order of supervision is moot and his challenge to any future hypothetical detention is not yet ripe, the Petition should be denied."). As other courts have recognized, the inclusion of a request for injunctive relief does not survive dismissal of a moot § 2241 petition, because the challenge against the petitioner's future detention is not yet ripe for review. *Id.* at *2; *see also Woodley v. Holder*, No. 4:10-CV-98-CDL-MSH, 2010 WL 5553987, at *1 n.1 (M.D. Ga. Dec. 6, 2010), *adopted by*, 2011 WL 53176 (M.D. Ga. Jan. 5, 2011) ("The Court cannot rule on issues that are not currently ripe, such as a potential future violation of Petitioner's rights"). The Court cannot predict at this

juncture whether any future detention of Hechavarria would, in fact, violate the Supreme Court's holding in *Zadvydas v. Davis* and entitle him to relief. *Lin*, 2016 WL 1253265, at *3. Therefore, permanent injunctive relief is not merited.

## IV.   Recommendation

It is recommended that (1) Respondent's Motion be **GRANTED**, (2) Hechavarria's Petition be **DISMISSED** as moot, and (3) the Clerk of the Court be **ORDERED** to close this case.

## V.   Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 13th of March, 2018.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**